# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEON WATTS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No.: 1:21-cv-00814-SAB (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY REQUEST TO PROCEED *IN FORMA PAUPERIS* SHOULD NOT BE DENIED<br><br>(ECF No. 2) |

Plaintiff Michael Leon Watts is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 12, 2021, Plaintiff filed the instant complaint and request to proceed *in forma pauperis* in the United States District Court for the Central District of California.

On May 19, 2021, the action was transferred to this Court.

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event

1

shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, a review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury.[1] The Court takes judicial notice of the following cases: (1) Watts v. Voglino, No. 3:07-cv-02215-WJN (M.D. Penn. June 2, 2008) (dismissed for failure to state a claim); (2) Watts v. Veach, No. 2:07-cv-310 (S.D. Ind. Jan. 30, 2008) (dismissed for failure to state a claim); and (3) Watts v. Herring, No. 1:99-cv-431 (E.D. Tex. Jan. 2, 2002) (dismissed for failure to state a claim and as frivolous). Plaintiff has been informed previously that he is subject to § 1915(g). See Watts v. Lappin, No. 1:09-cv-930-MAC-ESH (E.D. Tex. Jan. 5, 2010) (dismissed for failure to pay the filing fee after finding Watts suffered three or more strikes under § 1915(g)).

Furthermore, based on the complaint, it does not appear that Plaintiff is in imminent danger. To demonstrate imminent danger, Plaintiff must show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on April 2, 2021. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055. Plaintiff contends prison officials at California City Correctional Facility failed to protect him from contracting the COVID-19 virus and were deliberately indifferent to his serious medical needs in 2020. While Plaintiff contends he tested positive COVID-19 in November 2020 and was denied proper medical treatment, Plaintiff has failed to demonstrate that he is in imminent danger of serious physical injury. Indeed, Plaintiff contracted the virus several months prior to filing the action and he fails to demonstrate how the events at issue relates to an imminent danger of serious

---

[1] These actions were filed when Plaintiff was a federal custody under Federal Prison Identification Number 09729-026.

2

physical injury at the time he filed this action on April 2, 2021. Therefore, the Court will order Plaintiff to show cause why it should not deny Plaintiff's application to proceed in forma pauperis and require Plaintiff to pay the $402.00 filing fee.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty (20)** days from the date of service of this order, Plaintiff shall show cause why the Court should not deny his application to proceed in forma pauperis and require him to pay the $402.00 filing fee; and

2. Failure to comply with this order will result in a recommendation to dismiss the action for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **June 2, 2021**

UNITED STATES MAGISTRATE JUDGE